BROWNSTEIN HYATT FARBER SCHRECK, LLP
Eric Berg (State Bar No. 134621)
EBerg@bhfs.com
21 East Carrillo Street
Santa Barbara, CA  93101
Telephone:     (805) 963-7000
Facsimile:     (805) 965-4333

Attorneys for Plaintiffs
MADISON CAPITAL MANAGEMENT, LLC, and
MADISON LIQUIDITY INVESTORS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MADISON CAPITAL MANAGEMENT, LLC, a Foreign Limited Liability Company; MADISON LIQUIDITY INVESTORS, LLC, a Foreign Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO! INC., a Delaware Corporation,<br><br>Defendant. | Case No.  5:08-mc-80117-JW<br><br>[Honorable James Ware]<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>Current Motion to Compel<br>Hearing Date: October 6, 2008<br>Time:            9:00 a.m.<br>Courtroom:   8 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Madison Capital Management, LLC, a Nevada Limited Liability Company, and Madison Liquidity Investors, LLC, a Delaware limited liability company (collectively õMadisonö) hereby move for an order shortening the time in which to notice and have heard its Motion to Compel Compliance with Subpoena (õMotionö).  In this application, Plaintiffs request the Court to schedule Plaintiffsø Motion to Compel Compliance with Subpoena for hearing before October 6, 2008 and set a briefing schedule related thereto.  Pursuant to Civil L. R. 7-1(b) Plaintiffs request that this Motion for Order Shortening Time for Hearing on Plaintiffsø Motion to Compel Compliance with Subpoena be determined without oral argument.

Plaintiffs seek to advance the hearing of the Motion because its ability to locate and

SB 471442 v1:000009.0189

1

1  prosecute the entity that unlawfully appropriated its business name and likeness depends on
2  successful resolution of its Motion. Each day that passes without resolution of the Motion increases
3  the likelihood that the offending party will disappear or otherwise be unable to locate and prosecute.
4  The Court has set a Motion date for October 6th, and indicated that this is the first date available on
5  the Court's regular calendar. Waiting until October 6th at the earliest to have this issue resolved
6  will severely impede Plaintiffs' ability to locate the offending party

7  Good cause exists for this application, as established by the declaration of Eric Berg filed
8  and served herewith. Defendant lacks the ability to advance the hearing date by stipulation, because
9  the Court has advised that October 6th is its first available date on its regular calendar to have this
10 matter heard.

11 This application is based upon this application and the accompanying memorandum of
12 points and authorities, and the declaration of Eric Berg, all of which are concurrently filed and
13 served.

14 Dated: June 30, 2008                        BROWNSTEIN HYATT FARBER
                                               SCHRECK, LLP

                                               By:  _____/s/_____
                                                    ERIC BERG
                                                    Attorneys for Plaintiffs
                                                    MADISON CAPITAL MANAGEMENT,
                                                    LLC, AND MADISON LIQUIDITY
                                                    INVESTORS, LLC

SB 471442 v1:000009.0189                2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Madison Capital Management, LLC, a Nevada Limited Liability Company, and Madison Liquidity Investors, LLC, a Delaware limited liability company, (collectively "Madison") hereby move this Court, pursuant to Local Rule 6-3, to advance the hearing date on Madison's Motion to Compel Compliance with Subpoena currently scheduled to be heard by the Court on October 6, 2008.

Yahoo!, Inc. ("Yahoo") has information on the identity of the entity that has misappropriated Madison's business name, likeness, and rights. This has caused confusion in the market and damage to Madison. Madison's subpoena requests information on the identity of this offending party from Yahoo. If Madison has to wait until early October to obtain Yahoo's compliance with the subpoena, Madison will lose the ability to locate and prosecute this person. Only an expedited hearing date on Madison's Motion to Compel will ensure prompt delivery of this information.

## III.    FACTS

Madison is a professional investment and financial service company with a long standing reputation in the financial services market. Madison markets its services via its website, which is located at the domain name, www.madisoncap.com (the "Madison Website"). The Madison Website describes Madison's history, business, and philosophy.

Madison Liquidity advertises its services and posts its employment opportunities at its website, which is located at the domain name, www.madisonliquidity.com (the "Madison Liquidity Website"). The Madison Liquidity Website describes Madison's history, business, and philosophy.

Madison is the current owner of the entire right, title and interest in the materials located on the Madison Website and the Madison Liquidity Website. As part of their suite of internet services, Yahoo offers web hosting services for individuals or entities who desire to maintain a website.

Upon information and belief, beginning some time in May of 2008, Yahoo commenced hosting the website located at the domain name, www.madisonliq.com (the "Deceptive Site"). The Deceptive Site and the materials thereon purported to be owned in the name of "Madison Liquidity

Investors, LLC," something that is not true. In reality, the Deceptive Site does not represent a real company or business and used Madison Liquidity's name, likeness, information, and rights. The Deceptive Site was specifically designed to deceive visitors into believing that the website represents the legitimate Madison entities, including Madison Liquidity, and to deceive visitors into providing personal information for illicit purposes.

Upon investigation, Madison learned that the Deceptive Site was part of an ongoing scheme by the Registrant to knock-off legitimate websites to obtain improperly personal information from visitors to the website. The Registrant of the Deceptive site has other similar sites that squat on other companies' trade information and seek to deceive visitors into providing personal information.

On May 14, 2008, Madison notified Yahoo of the Registrant's scheme and sent a Notice of Claimed Infringement with respect to the Deceptive Site. Recognizing that the Deceptive Site was fraudulent, Yahoo, on May 22, 2008, shut down the Deceptive Site.

Due to the serious nature of this conduct, Madison has endeavored to locate the parties responsible for the Deceptive Site so that it can notify the proper authorities and take legal action. To be successful, however, in locating the Registrant, speed is important before the Registrant disappears forever. Accordingly, on May 30, 2008, the U.S. District Court for the Northern District of California issued a subpoena to Yahoo (the "Subpoena") on behalf of Madison. The Subpoena required Yahoo to produce all information sufficient to identify, locate and contact the Registrant and/or owner of the Deceptive Site by June 10, 2008. The Subpoena was served on Yahoo on June 2, 2008.

On June 12, 2008, two days after the Registrant information was due and owing, counsel for Madison contacted counsel for Yahoo. Although Yahoo recognizes that the Deceptive Site was fraudulent, Yahoo's counsel informed counsel for Madison that the information had not been provided by the June 10, 2008 deadline set forth in the Subpoena because of Yahoo's undisclosed internal policy, which purportedly requires the company to provide its registrants 15 days notice to seek a protective order regarding the disclosure of their information. Yahoo's counsel stated that Yahoo would not comply with the Subpoena and provide the Registrant information until the 15-day notice period had passed.

1  Accordingly, Madison filed its Motion to Compel Compliance with Subpoena against
2  Yahoo on June 18, 2008.  The Court assigned an October 6, 2008 Hearing Date for the Motion.

### IV.    ARGUMENT

Filing this Motion for Order Shortening Time has become necessary because an October 6, 2008 Hearing Date will result in severe prejudice to Plaintiffs' ability to protect its website. Plaintiffs intend to fully prosecute the offending party for its fraudulent website.  Plaintiffs do not know who that party is – thus the need for the Motion to Compel.  The risk that the offending party will not be able to be located or otherwise "disappear" increases with each passing day of noncompliance.

Good cause exists because the timing of compliance is every bit as critical as the contents of the information requested.  The Deceptive Site is illegal and the Registrant of this site is conducting wrongful acts.  Madison is entitled to quickly discover the information about the Registrant and the Deceptive Site so that it can protect its rights and prevent further wrongful conduct by these individuals.  Yahoo should not be allowed to impair Madison's right to discover this information, and should be ordered to provide Madison the Registrant information immediately.  In addition, Madison should be entitled to reimbursement of all legal fees and costs incurred in connection with this motion which is necessary solely due to Yahoo's failure to comply with a validly issued subpoena.

### V.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court issue its order to advance the hearing on Plaintiffs' Motion to Compel Compliance with Subpoena to a date convenient with the Court and also that the Court establish dates for the opposition and reply to be filed.

Dated: June 30 2008                           BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: _____
ERIC BERG
Attorneys for Plaintiffs MADISON CAPITAL MANAGEMENT, LLC, AND MADISON LIQUIDITY INVESTORS, LLC

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Eric Berg (State Bar No. 134621)
EBerg@bhfs.com
21 East Carrillo Street
Santa Barbara, CA  93101
Telephone:     (805) 963-7000
Facsimile:      (805) 965-4333

Attorneys for Plaintiffs
MADISON CAPITAL MANAGEMENT, LLC, and
MADISON LIQUIDITY INVESTORS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MADISON CAPITAL MANAGEMENT, LLC, a Foreign Limited Liability Company; MADISON LIQUIDITY INVESTORS, LLC, a Foreign Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO! INC., a Delaware Corporation,<br><br>Defendant. | Case No.  5:08-mc-80117-JW<br><br>[Honorable James Ware]<br><br>**DECLARATION OF ERIC BERG IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>Current Motion to Compel<br>Hearing Date:    October 6, 2008<br>Time:                    9:00 a.m.<br>Courtroom:         8 |

I, ERIC BERG, declare pursuant to Civil L. R. 6-3 and Civil L. R. 7-5 as follows:

1.     I am an attorney licensed to practice law before the courts of the State of California. I am a shareholder with the law firm of Brownstein Hyatt Farber Schreck, LLP, counsel of record for Plaintiffs, MADISON CAPITAL MANAGEMENT, LLC, and MADISON LIQUIDITY INVESTORS, LLC, in the above-entitled action.  I am actively involved with the day to day work in the above-entitled case.  I have personal knowledge of the following and, if called as a witness, could and would testify competently to the following.

/ / /

/ / /

/ / /

SB 471499 v1:000009.0189

1  2. I am making this Declaration in support of Plaintiffs' Plaintiffs' Motion for an Order
2  Shortening Time for Hearing on Plaintiffs' Motion to Compel Compliance With Subpoena, filed
3  concurrently with this Declaration. I am also making this Declaration in support of the
4  requirements set forth in Local Rule 6.3.

5  3. The underlying dispute necessitating this Request centers on a Subpoena issued by
6  this Court on May 30, 2008 to Yahoo!, Inc. ("Yahoo"), on behalf of Madison. The Subpoena
7  required Yahoo to produce all information sufficient to identify, locate and contact the Registrant
8  and/or owner of a deceptive web site by June 10, 2008. The subpoena was served on Yahoo on
9  June 2, 2008. Yahoo has thus far refused to comply with the subpoena. Its position is that while it
10 will comply as some future unspecified date, it cannot timely comply because of some unstated and
11 unspecified "internal company policy." Yahoo did not, and has not as of this date, filed any type of
12 formal Objection to the Subpoena. Madison's position is that the timing of when Yahoo complies is
13 every bit as critical as the contents of compliance, and that having failed to timely object to the
14 subpoena, Yahoo is in breach of its obligation to timely comply

15 4. Madison is requesting a shortening of time to have its Motion to Compel heard
16 against Yahoo because waiting over three months to have this motion ruled on will very likely
17 result in Madison losing the ability to locate the entity who has misappropriated its business name
18 and likeness. Yahoo has in its possession the information that Madison needs. Yahoo has failed to
19 commit to a date certain by which it will provide this information to Madison— which has resulted
20 in Madison seeking court intervention. The timing of when Madison receives this information from
21 Yahoo is every bit as important as the information itself. This is because the risk of the offending
22 entity fleeing or being otherwise unable to track down increases with each day Yahoo fails to
23 comply with the subpoena. Waiting until early October— over three months from now— to obtain
24 this information will result in a severe hardship to Madison's efforts to protect its intellectual
25 property.

26 5. The request for an expedited hearing date could not have been accomplished by
27 stipulation, since the hearing date assigned by the Court was solely a function of the Court's law
28 and motion calendar. I sought to have this matter heard on the first available date on the court's

SB 471499 v1:000009.0189         2

1  calendar, but was advised that early September 2008 was the first available date. I was
2  subsequently notified by the Court that on its own motion it continued the hearing date to October
3  8. 2008.

4      6.    Substantial harm and prejudice will result to Madison if the requested relief is not
5  granted. Madison has spent considerable time and money establishing its business model, its
6  business strategy, its customer base, and its intellectual property. The deceptive website for which
7  Madison seeks ownership information was specifically designed to deceive visitors into believing
8  that the website represents the legitimate Madison entities and to deceive visitors into providing
9  personal information for illicit purposes. Waiting until early October— over three months from
10 now— to obtain this information will result in a severe hardship to Madison's efforts to protect its
11 intellectual property.

12     7.    No previous time modifications have been sought or obtained.

13     8.    The requested relief will have no impact on the schedule of the case. This case was
14 filed simply to obtain subpoena compliance by Yahoo. Once that compliance occurs, Madison fully
15 expects to dismiss this action.

16     I declare under penalty of perjury under the laws of the United States of America that the
17 foregoing is true and correct.

18
19 DATED: June 30, 2008                    /s/
                                               Eric Berg

1  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   Eric Berg (State Bar No. 134621)
2  EBerg@bhfs.com
   21 East Carrillo Street
3  Santa Barbara, CA  93101
   Telephone:     (805) 963-7000
4  Facsimile:     (805) 965-4333

5  Attorneys for Plaintiffs
   MADISON CAPITAL MANAGEMENT, LLC, and
6  MADISON LIQUIDITY INVESTORS, LLC

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                                 SAN JOSE DIVISION

11 | MADISON CAPITAL MANAGEMENT, | Case No.  5:08-mc-80117-JW
   | LLC, a Foreign Limited Liability |
12 | Company; MADISON LIQUIDITY | [Honorable James Ware]
   | INVESTORS, LLC, a Foreign Limited |
13 | Liability Company, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR AN ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**
14 |              Plaintiffs, |
15 | v. |
16 | YAHOO! INC., a Delaware Corporation, | Current Motion Hearing Date: October 6, 2008
   | | Time:                                        9:00 a.m.
17 |              Defendant. | Courtroom:                                  8

18

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /
    SB 472101 v1:098000.0041

1       IT IS HEREBY ORDERED that Plaintiffs' Motion for an Order Shortening Time for
2  Hearing on Plaintiffs' Motion to Compel Compliance With Subpoena is GRANTED.
3       IT IS FURTHER ORDERED that the hearing on Plaintiff's Motion to Compel Compliance
4  With Subpoena shall be held on _____, 2008 at 9:00 a.m. in Courtroom ____.
5       IT IS FURTHER ORDERED that any opposition to Plaintiffs' motion shall be served and
6  filed on _____, 2008.
7       IT IS FURTHER ORDERED that any reply to Defendant's opposition shall be served and
8  filed on _____, 2008.

10  DATED: _____         _____
11                                                JUDGE OF THE UNITED STATES
                                                  DISTRICT COURT

SB 472101 v1:098000.0041                   2
                           [PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION
                           5:08-MC-80117-JW