UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MADISON CAPITAL MANAGEMENT, LLC., et al., <br><br> Plaintiff, <br><br> v. <br><br> YAHOO! INC., <br><br> Defendant. | Case No.: C 08-80117 JW (PVT) <br><br> **ORDER DENYING MOTION TO COMPEL COMPLIANCE WITH SUBPOENA; AND DENYING AS MOOT MOTION TO SHORTEN TIME** |

On June 18, 2008, purported "Plaintiffs" (collectively "Madison") filed a Motion to Compel Compliance with Subpoena, scheduling the motion for September 22, 2008 before District Judge Ware.[1] On June 20, 2008, a Clerk's Notice was filed by the court rescheduling the hearing for October 6, 2008 before District Judge Ware. On June 23, 2008, Madison filed a motion for an order shortening time. On September 5, 2008, this case was referred to Magistrate Judge Trumbull for all discovery matters.[2] Having reviewed the papers submitted by Madison, the court finds it appropriate

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] Pursuant to the San Jose Division's Standing Order Regarding Case Management in Civil Cases, "All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a)." Accordingly, a Magistrate Judge should have been randomly assigned by the court the day this matter was filed. The court regrets this error.

to issue this order without further briefing or oral argument. Based on the moving papers,

IT IS HEREBY ORDERED that Madison's motion to compel compliance with subpoena is DENIED.

Every subpoena must, among other things, "state the title of the action, the court in which it is pending, and its civil-action number." *See* Fed.R.Civ.Pro. 45(a)(1)(A)(ii). Implicit in this requirement is that a civil action actually be pending in some United States District Court. Rule 3 of the Federal Rules of Civil Procedure provides that "A civil action is commenced by filing a complaint with the court." In the present circumstances, no complaint has been filed and thus there is no action pending. Because no action is pending, the subpoena at issue is invalid and the court has no jurisdiction to compel Yahoo! to comply with it.

Although Madison filled out a subpoena as if there was an action pending and had it issued by the clerk of the court, it appears the subpoena was the first document filed in connection with the activities about which Madison wishes to complain. However, the entity designated as "Defendant," Yahoo! Inc., is not the person(s) and/or entity about whom Madison "Plaintiff" wishes to complain. Rather, Madison seeks to obtain information from Yahoo! in order to find out the identity of the persons and/or entity about whom Madison wishes to complain. The proper procedure under these circumstances is to file an action against the actual defendants using fictitious names,[3] move for early discovery to authorize the subpoena to Yahoo!, and *then* serve a valid subpoena.

IT IS FURTHER ORDERED that Plaintiff's motion to shorten time is DENIED as moot.

Dated: *9/5/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] *See, e.g., Maclin v. Paulson*, 627 F.2d 83, 87 & n.4 (7th Cir. 1980), citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

ORDER, *page 2*